UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

    R Interconnections, Inc.

                    Debtor.

Chapter 11
Case No. 26-10033

# DECLARATION OF THOMAS ZEBROWSKI
# IN SUPPORT OF FIRST DAY RELIEF AND PETITION

I, Thomas Zebrowski, hereby declare the following under penalty of perjury:

1. I am the Operations Officer of the Debtor in the above-captioned proceeding and am fully authorized to act on behalf of the Debtor.

2. The Debtor was formed on November 24, 2010 and began doing business thereafter.

3. The Debtor filed a voluntary petition for relief under Chapter 11, Subchapter V of Tile 11 of the United States Code (hereinafter the "Bankruptcy Code") on January 14, 2026.

4. I submit this declaration to assist this Court and the parties-in-interest in understanding: (a) the circumstances leading to the commencement of this Chapter 11 case; (b) the business structure of the Debtor; and (c) the Debtor's prepetition debt.

5. Additionally, I submit this declaration in support of: (a) the Debtor's petition for relief under the United States Bankruptcy Code; and (b) the "first day" relief the Debtor has requested pursuant to the motions and applications also filed on the date hereof.

6. Except as otherwise indicated herein, all facts set forth in this declaration are based on my personal knowledge as the Operations Officer. My elderly mother is the Majority Shareholder. If called upon to testify, I would testify competently to the facts set forth herein.

**Background**

7.  The Debtor was formed in November, 2010.

8.  As of the Petition date, the Debtor employs one (1) employee, myself. I am paid salary, not hourly.

9.  Debtor anticipates needing to maintain its workforce during the course of reorganization in order to ensure continuation of contracts and obligations within its field of being a wholesale distributor of durable parts for scientific and engineering needs.

10. The Debtor's revenue is derived from sales of goods to commercial businesses, individuals, and organizations.

11. As of the Petition Date, the Debtor's combined assets aggregate approximately $21,000.00. The Debtor's combined liabilities is approximately $629,406.61 in general unsecured debt.

**Events Leading up to Chapter 11**

12. In or around October 2025, the Debtor retained Boyle Legal, LLC ("Boyle") to assess its financial situation and make a recommendation as to whether filing for bankruptcy protection would be in the best interest of the Debtor, its clients, and its creditors. Ultimately, Boyle and the Debtor's management determined that seeking protection under chapter 11 of the Bankruptcy Code would be the best means for the Debtors to obtain relief from its numerous debts and allow it to successfully restructure its business debt payments through either reducing its business offerings, and thus reducing overhead, or through liquidating its business and reducing maximizing liquidation payouts to its creditors.

13. Debtor is a wholesaler of durable goods necessary to scientific and engineering projects and supply needs.

14. Debtor is primarily located in, and operates out of, Saratoga Springs, New York.

15. Notwithstanding Debtor's history as a preeminent supplier in the Capital Region, like many retailers, Debtor was significantly impacted by COVID and has been fighting to regain footing ever since.

16. Debtor attempted to mitigate the damage by increasing contracting and marketing efforts; however, to meet the demands of its overhead, Debtor overextended business credit cards and took out a significant loan from the Small Business Association.

17. While workflow is beginning to recover, the impact of COVID has caused significant harm in the repayment of contractual obligations which were necessary at the time of those transactions.

18. Debtor's goals in this bankruptcy are to maintain necessary workforce and assets and maintain ongoing operations in order to cashflow positive and survive the restructuring process.

19. Debtor believes based on its current workload, that it can successfully restructure; however, Debtor requires immediate bankruptcy relief in order to keep its creditors at bay while it formulates a plan of reorganization.

### First Day Motions

20. **Motion of Debtor for Entry of an Order Authorizing Continued Use of Existing Bank Accounts**

    a. In the ordinary course of business, Debtor maintains its business bank accounts with Citizen's Bank.

    b. Prior to the commencement of this Case, in anticipation of having to establish a "Debtor-in-Possession" Account, Debtor is seeking to alter and rename its current

      account as Citizen's Bank is an approved depository of the United States Trustee's office.

    c. I understand that upon the filing of a petition for relief, a Debtor-in-Possession traditionally establishes all new Debtor-in-Possession bank accounts.

    d. I would respectfully request the Court allow the Debtor to maintain its current Account with Citizen's Bank as a shutdown of same would interrupt significant services and financial transactions of the Debtor.

    e. Debtor proposes to maintain its bank account with Citizen's Bank and to have Citizen's Bank designate same as Debtor-in-Possession accounts pursuant to the operating guidelines set down by the United States Trustee's Office.

    f. Debtor fears that interruption of this *status quo* will result in irreparable harm to the Debtor and its ability to maintain ongoing operations.

21. **Motion to Utilize Cash Collateral**

    a. At the time of filing, Debtor's cash and cash equivalents are purportedly encumbered by various entities.

    b. Upon information and belief, Liquid Capital Exchange is in first and second positions, though this is an ongoing contract which does not collateralize Debtor's cash with no amount owed.

    c. Upon information and belief, the Small Business Administration is in third position with Debtor's collateralized cash and are owed approximately $445,500.00.

    d. While Debtor has other UCC creditors, upon information and belief, its cash and cash equivalents do not exceed $445,500.00 and thus, those remaining UCC

      creditors are wholly unsecured as it relates to Debtor's cash position.

e. At the time of filing, Debtor's cash equivalent at the time of filing is approximately $16,000.00 As such, Debtor has no unencumbered cash.

f. It is absolutely essential for Debtor's short- and long-term ongoing operations to be able to utilize its cash on hand and collected receivables in order to maintain post-petition obligations, including payroll, insurance payments, and operating costs/overhead.

g. Without access to this cash, Debtor cannot survive.

h. Debtor has proposed ongoing adequate protection payments to SBA in the form of ongoing monthly payments, periodic reporting, and replacement liens, as necessary.

i. As such, equity dictates that Debtor be able to utilize cash collateral to cover necessary and reasonable ongoing expenses, certain pre-petition prioritized expenses, and that the adequate protection proposed and articulated by Debtor in its motion to use cash collateral, is sufficient to protect the interests of Debtor's Creditors.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: January 14, 2026           /s/Thomas Zebrowski
                                           Thomas Zebrowski, Operations Officer
                                           Debtor and Debtor-in-Possession
                                           *R Interconnections, Inc.*